## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VANESSA WINSTON ) | | |
| Special Administrator of the ) | | |
| Estate of VINCENT BRITT, ) | | |
|       Plaintiffs, ) | No. 16 C | |
| ) | | |
| ) | Judge | |
| KIM BUTLER, WARDEN, MENARD ) | | |
| CORRECTIONAL CENTER, and ) | Magistrate Judge | |
| ) | | |
| ) | | |
| ) | | |
| ) | | |
| ) | | |
|       Defendants. ) | | |

## **COMPLAINT**

The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343(3); and the Constitution of the United States, with supplemental jurisdiction under 28 U.S.C. Section 1367.

### **Parties**

1. Vanessa Winston is the sister of and is the duly appointed administrator of the Estate of Vincent Britt, the deceased.

2. Vincent Britt was, at the time of his death, a forty-three (43) year old male, and an inmate at the Menard Correctional Center in Illinois, a citizen of the United States and a resident of the State of Illinois.

3. Defendants John Doe and Robert Roe whose names are presently unknown are employees of Defendant Menard Correctional Center whose duties were to monitor Vincent Britt while imprisoned at Menard.

4. Defendant Kim Butler was at all times relevant and material to this Complaint was the warden of The Menard Correctional Center.

5. Defendants Defendant Menard Correctional Center was at the time of the allegations alleged in this complaint the employer of Kim Butler, John Doe and Robert Roe.

**Facts**

6. Vincent Britt was an inmate at the Statesville Correctional Center in 2013.

7. While at Statesville, Vincent learned that a female counselor was danger so he informed certain prison officials of the danger. He informed officials that a high ranking member of the Latin Disciples was planning to assault the female counselor.

8. Shortly after Britt informed the prison officials of the eminent danger to the counselor, he learned that an I.D.O.C. employee Lieutenant had told the Latin Disciples that he, Betts, had informed prison officials of the planned assault. This put Vincent's life in jeopardy.

9. During the months of April and May, 2013, Britt's family members wrote letters to state officials and to the Governor of Illinois urging that Vincent be moved from Statesville because his life was in danger.

10. Because of the danger to Britt, on or about June 26, 2013, he was transferred from Statesville to The Pontiac Correctional Center and placed in protective custody to protect him from Latin Disciples' retaliation against him.

11. On or about June 11, 2014, Vincent had an altercation with a cell mate. Vincent was sent to segregation for a year. Shortly after Vincent was placed in segregation, he was informed that he may not receive protective custody after his year in segregation.

12. Again is family started writing letters weekly to state officials and to the Governor of Illinois partitioning that Vincent remain in protective custody after his year in segregation.

13. On June 7, 2015, Vincent wrote his family indicating that he was being transferred to Menard or Statesville.

14. After learning that Vincent may be transferred back to Statesville or Menard, the family wrote letter urging prison officials not to transfer him to Menard or Statesville. Vincent had been stabbed by an inmate while at Menard several years before he was transferred to Statesville.

15. On June 11, 2015, Vincent informed his family that he was transferred to Menard and that he was not in protective custody housing.

16. On June 16, 2015, his sister received a telephone call from Menard Correctional Facility informing her that her brother had passed away at 1:15 am.

## COUNT I

(Failure to Train under Section 1983 and the 14th Amendment
Against Defendant Kim Butler)

1-16. Plaintiff alleges and realleges paragraph 1-16.

17. Defendant Butler had a duty to prevent Vincent Britt from committing suicide. Butler was, at all times relevant to this complaint, the Warden at The Menard CC. As such she was responsible for policies and practices related to the screening, evaluation and monitoring of high risk inmates.

18. It was the policy, practice or custom of Butler to ensure her employees are following proper intake and monitoring methods. Butler knew her employees were not properly screening and consented to such behavior.

19. Defendant Butler had a duty to prevent Vincent Britt from committing suicide while in custody of the Menard CC, a duty which she breached through the aforesaid reckless and deliberately indifferent acts and omissions.

20. Defendant Butler acted knowingly and/ or intentionally, in bad faith, with deliberate indifference; or through unreasonable risk of injury; or with malice and/ or reckless disregard for the rights of plaintiff's decedent.

21. As a direct and proximate result of Defendant Butler's failure to ensure that her employees were following proper intake measures, Plaintiff's decedent Vincent Britt sustained severe emotional and physical injury, pain, suffering, and anguish. Vincent Britt was deprived of his right to life and liberty, all in violation of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff Vanessa Winston prays for compensatory damages against the Defendant Butler in the amount of $500,000.00, plus costs, reasonable attorney's fees, and such other and further relief as the court deems proper.

## COUNT II

(Failure to Adequately Screen and Monitor, Civil Rights Violation Under Section 1983 Against Correctional Officers John Doe and Robert Roe)

1-16. Plaintiff alleges and realleges paragraph 1-16.

17. Defendants Doe and Roe knew or should have known that the decedent posed a substantial risk of serious harm to himself as evidenced through prior fears of harm and his continuous need for protective custody.

18. Defendants Roe and Doe had a duty to monitor Vincent Britt, and therefore, violated Plaintiff's civil rights by failing to do so.

19. The Defendants Doe and Roe failure to monitor caused the above-alleged civil rights violation and was the direct and proximate cause of Plaintiff's injuries.

20. As a direct and proximate result of the failure of Defendants Doe and Roe to properly monitor high risk, suicidal Vincent Britt, Plaintiff's decedent Vincent Britt sustained severe emotional and physical injury, pain, suffering, and anguish. Moreover, Vincent Britt was deprived of his right to life and liberty, all in violation of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the Plaintiff demands compensatory damages in the amount of $500,000 against the defendants Doe and Roe; and because they acted maliciously, willfully and/ or wantonly and with deliberate indifference, $50,000 in punitive damages against defendants Doe and Roe, plus cost and attorney's fees against each and other such additional relief the court deems equitable and just.

### COUNT III

(Wrongful Death Claim under Illinois Law Against
Defendants Butler, Doe and Roe)

1-16. Plaintiff alleges and realleges paragraphs 1 through 16.

17. Decedent Vincent Britt was and is survived by his legal and natural mother Flossie I. Britt, his sisters, Vanessa Winston, Anita Pittmon, Sonovia Crockett, Morgan Britt, Narissa Luster, and his brothers Arthur Britt, Albert Britt.

18. Plaintiff Administrator, Vanessa D. Winston, is the Independent Administrator of the Estate of Vincent Britt.

19. Vincent D. Britt was officially pronounced dead on June 16, 2015, at The Menard Correctional Center, Menard, Illinois.

19. Each and every beneficiary and next of kin of Vincent Britt exercised due care at all times material to this complaint.

20. The wrongful death of Vincent D. Britt was due to the negligent, willful and wanton misconduct of Defendants Kim Butler, John Doe and Robert Roe whose acts and/or omissions proximately caused the injury and death of plaintiff-decedent Vincent Britt, in violation of 740 ILCS 180/2 and 180/2.1.

21. Each and every next of kin, as named in or referred to in paragraph 43 has lost and will continue to lose pecuniary support as a proximate result of the wrongful death of Vincent Britt.

WHEREFORE, Plaintiff Vanessa Winston demands judgment against individual defendants in actual and compensatory damages in the amount of $500,000.00, and because their actions were done maliciously, willfully and/ or wantonly, further demands $100,000.00 in punitive damages against Kim Butler, John Doe, and Robert Roe, plus the cost of this action, and such other additional relief as this Court deems equitable and just.

## COUNT IV

(Conscious Pain and Suffering under Illinois Law against Defendants Butler, John Doe, and Robert Roe)

1-16. Plaintiff alleges and realleges paragraphs 1 through 16.

17. Vincent Britt kill himself by hanging on June 16, 2016. The defendants discovered him hanging in his cell at approximately 1:15 a.m., on said date.

18. Mr. Britt was pronounced dead some time later on June 16, 2015  Mr. Britt suffered conscious pain and suffering until he was pronounced dead on June 16, 2015.

19. The acts of the defendants as alleged above, resulting in the pain and suffering experienced by Vincent Britt, and such acts were the direct and proximate cause of his conscious pain and suffering.

WHEREFORE, Plaintiff Vanessa Winston demands compensatory damages in excess of $30,000 against Defendants Butler, John Doe and Robert Roe for the cost of this action, and such relief as this court deems just and equitable.

## COUNT V

(Respondeat Superior Against Menard Correctional Center)

1-16. Plaintiff alleges and realleges paragraphs 1 through 16.

17. The above acts of defendants Butler, John Doe and Robert Roe failing to prevent Vincent Britt's death were committed while acting within the scope of their employment as Menard Correctional Center and, thus, their acts violated Illinois State Law.

18. The defendants' acts were done negligently, willfully, wantonly and maliciously and were the direct and proximate case of the injuries to and death of Michael Cortez.

WHEREFORE, the Plaintiff demands damages in excess of $50,000 in actual and compensatory damages against the defendant Menard Correctional Center.

**PLAINTIFF DEMANDS JURY TRIAL ON ALL COUNTS**

    Respectfully submitted,

    The Law Office of Standish E. Willis

    By: s:// Standish E. Willis
    Attorney for Plaintiff

29 E. Madison Street, Suite 1802

Chicago, IL  60602
312.750-1950