UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| VANESSA WINSTON, Special Administrator of the Estate of Vincent Britt, <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY BUTLER, Warden of Menard Correctional Center, JOHN DOE, ROBERT ROE, and MENARD CORRECTIONAL CENTER, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No.   16-cv-1220 |

## O P I N I O N  &  O R D E R

This matter is before the Court on the Defendants' Motion To Dismiss (Doc. 5). The motion is fully briefed and ready for decision. For the reasons stated below, the motion is DENIED.

### FACTUAL BACKGROUND[1]

Plaintiff, Vanessa Winston, is the sister of Vincent Britt (the "Decedent") and is the duly appointed administrator of his Estate. At the time of his death, the Decedent was an inmate at the Menard Correctional Center ("Menard") located in Randolph County, Illinois. The Complaint is silent as to the residence of Plaintiff. Defendants John Doe and Robert Roe are unknown and thus, their residences are

---

[1] The following facts are taken from the Complaint (Doc. 1) except as otherwise noted and are assumed to be true for the purpose of adjudicating the motion *sub judice*.

also unknown. They are employed by Menard. Defendant Butler has provided an affidavit under the authority of Seventh Circuit case law[2] in which she affirms that she is a resident of Jackson County, Illinois. Both Randolph County and Jackson County are in the Southern District of Illinois. This Court lies in the Central District of Illinois.

The events that give rise to this lawsuit occurred in Randolph County. The suit is predicated upon the wrongful death of the Decedent. Decedent was a prisoner in Statesville Correctional Center. He learned that his life was in danger and he secured a transfer to Pontiac Correctional Center, which is in the Central District of Illinois. At Pontiac, he learned that he would be transferred to another facility. Ultimately he was transferred to Menard. On June 11, 2015, the Decedent informed his family that he was transferred to Menard and that he was not in protective custody housing despite his and his family's repeated requests for protective custody. On June 16, 2015, the Decedent hung himself. Plaintiff received a telephone call from Menard informing her that the Decedent had passed away at 1:15 am that same day.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move for dismissal of a claim for improper venue. *Deb v. SIRVA, Inc.*, 832 F.3d 809. It is the plaintiff's burden to demonstrate that venue is proper. *Gilbert v. Ledoux*, No. 3:14-CV-1714-TLS, 2015 WL 5098493, at *2 (N.D. Ind. Aug. 31, 2015) citing *Grantham v. Challenge—Cook Bros., Inc.,* 420 F.2d 1182, 1184 (7th Cir. 1969). "When venue is

---

[2] *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809-10 (7th Cir. 2016) ("Where one party makes a bald claim of venue and the other party contradicts it, a district court may look beyond the pleadings to determine whether the chosen venue is appropriate.").

challenged, the court must determine whether the case falls within one of the three categories set out in [28 U.S.C.] § 1391(b)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). Section 1391(b) provides in relevant part that

> A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391. When the case does not fit within one of these three categories, venue shall be deemed improper. *Atl. Marine Const. Co.*, 134 S. Ct. at 577. And when venue is improper, the court shall decide whether to dismiss the case or transfer to a court where venue would be proper if such a transfer is in the interest of justice. *Id.* citing 28 U.S.C. § 1406(a).

## DISCUSSION

### I. Venue in the Central District Of Illinois Is Improper For This Case.

Simply put, nothing in the Complaint discusses events occurring in or people having any relevant ties to the Central District of Illinois. Moreover—to this Court's shock—Plaintiff has failed to even address venue in her response to the Defendants' motion to dismiss. Plaintiff has provided nothing to indicate any of the Defendants reside outside the Southern District of Illinois. Defendant Butler has submitted an affidavit establishing that she resides in the Southern District of Illinois. None of the events or omissions giving rise to the claims are alleged to have occurred in the Central District of Illinois. Clearly then, venue is proper in the Southern District of

Illinois and the Court must dismiss the suit or transfer it under 28 U.S.C. § 1406. Since the Defendants clearly work in the Southern District of Illinois and Decedent's interaction with Menard's staff and his death occurred in the Southern District of Illinois, it stands to reason that the great majority of witnesses and parties are located in the Southern District of Illinois. Therefore, venue is proper there.

II.     **The Court Will Not Dismiss This Lawsuit For Lack Of Venue.**

Defendants argue that this suit should be dismissed for lack of venue under 28 U.S.C. § 1391 as opposed to simply being transferred because there are serious legal deficiencies within the Complaint. The Court does not believe that it would be prudent to opine on any purported facial deficiencies of the Complaint or the substantive merits of the claims since the case is not properly before the Court. Even if the Plaintiff's claims are deficient, parties are generally allowed one chance to cure deficiencies in their initial pleadings. *See Smith v. Union Pac. R. Co.*, 474 F. App'x 478, 481 (7th Cir. 2012) (plaintiff is ordinarily entitled to at least one opportunity to cure the problem with a complaint through amendment of the pleadings.). It would not be efficient for this Court to opine on the legal sufficiency of the Complaint and then hand the matter over to another court, which would invariably have to conduct its own analysis and give its opinion on the same issue. Furthermore, dismissal for lack of venue is not an adjudication on the merits, Fed. R. Civ. Pro. 41(a)(2); *Johnson v. W. & S. Life Ins. Co.*, 598 F. App'x 454, 456 (7th Cir. 2015). Thus, Plaintiff would be free to re-file in the Southern District of Illinois, as the Defendants concede. (*See* Doc. 6 at 4). Forcing the Plaintiff through such hoops is inefficient when the Court is

empowered to simply transfer the matter so that a proper court can give its opinion on the sufficiency of the Complaint.

## CONCLUSION

For the foregoing reasons the Court finds that the Defendants have not carried their burden of persuading the Court that the interests of justice and the convenience of the parities and witnesses would be best served by dismissing the action. However, it is readily apparent that venue is lacking in this Court and it is in the interests of justice for this matter to be transferred to the Southern District of Illinois. Therefore, Defendant's Motion for DISMISS (Doc. 5) is DENIED. Nevertheless, the Clerk is directed to TRANSFER this matter to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1406.

IT IS SO ORDERED.

Entered this 22nd day of November, 2016.

                                                    s/ Joe B. McDade
                                                    JOE BILLY McDADE
                                        United States Senior District Judge